IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| M&S GRADING, INC., ) | |
| ) | CASE NO. BK02-81632 |
| Debtor(s). ) | A05-8070 |
| CONTRACTORS, LABORERS, ) | |
| TEAMSTERS & ENGINEERS ) | |
| HEALTH & WELFARE PLAN, et al., ) | |
| ) | |
| Plaintiffs, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM LIECHTI, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

This matter is before the court on cross-motions for summary judgment by the plaintiffs (Fil. #62) and the defendant Billy Liechti (Fil. #78). Malcolm Young represents the plaintiffs and Kathryn Derr represents Billy Liechti. The motion was taken under advisement as submitted without oral arguments. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The plaintiffs' motion will be denied. The defendant's motion will be denied.

The plaintiffs originally filed this ERISA case in the U.S. District Court against the shareholders, officers, and directors of M&S Grading, Inc., to recover money due as a result of M&S Grading's failure to timely pay required contributions to its employees' health and welfare plan and pension plan, as required by certain collective bargaining agreements. The case was referred to this court when M&S Grading filed for bankruptcy protection.[1] The plaintiffs are seeking $117,531 for delinquent contributions and $230,323.68 for liquidated damages and interest.

The plaintiffs move for summary judgment, asserting that the defendants have breached their fiduciary duties to deposit the funds for each covered employee into the plans, and as a result, are liable for the unpaid contributions, liquidated damages and interest, with the individual defendants being personally liable for the unpaid contributions.

---

[1] The case was initially filed as a Chapter 11. It was converted to Chapter 7 in June 2005. The delinquent contributions at issue here became due during the pendency of the Chapter 11 case.

Defendant Billy Liechti also moves for summary judgment, asserting that (1) he cannot be held personally liable when there is no basis for piercing the corporate veil; (2) the unremitted contributions are not plan assets; (3) he owed no fiduciary duty to the plans; and (4) he is not a named trustee of the plans.

Mr. Liechti co-owned M&S Grading, served as vice-president and president, and was the company's director of operations. He also negotiated the collective bargaining agreements with the unions representing the company's employees. The company experienced cash flow problems, periodically leaving it unable to pay all of its bills as they came due and forcing the officers to decide which bills would be paid and which would not in a particular month. The company's chief financial officer, Calvin McGruder, was primarily responsible for making those decisions, but he sometimes consulted Mr. Liechti and Spencer McGruder. The lack of cash flow is the cause of the unpaid plan contributions, as M&S Grading did not escrow the funds to be paid to the plans but rather paid them from the general operating account. If there were more bills than money in a given month, the plan contributions for that month may not have been made.

After the bankruptcy filing, the court entered two orders allowing the debtor to assume the collective bargaining agreements and the obligations to the benefit plans and directing the debtor to timely make its contractually and statutorily required plan contributions (Fils. #65 and 516 in Case No. BK02-81632).

The plans argue that Mr. Liechti and the other defendants have a fiduciary duty under the bankruptcy law to protect M&S Grading's bankruptcy estate for the benefit of creditors, including the plans. The plans allege that by directing the debtor to spend money in a manner contrary to the court's two orders, Mr. Liechti breached his fiduciary duty under ERISA and under the court's orders.

The parties executed collective bargaining agreements for the period from May 1, 2004, to April 30, 2006. Mr. Liechti signed the agreements as president of M&S. Those agreements provide the basis for the plaintiffs' lawsuit to recover the delinquent contributions. Under 29 U.S.C. § 1145,

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

An employer is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). A person is "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9). ERISA does not address liability of an officer or shareholder for delinquent contributions. Instead, state law governs the issue. Levit v. Ingersoll Rand Fin'l Corp., 874 F.2d 1186, 1193-94 (7th Cir. 1989).

The Eighth Circuit Court of Appeals has made clear that in determining whether company owners and officers can be held personally liable for unpaid benefit contributions, courts are to "apply the corporate law standard to determine alter ego status because it 'strikes an appropriate balance between the congressional intent of ERISA and the long-established principle that a corporation's existence is presumed to be separate and may be disregarded only under narrowly prescribed circumstances.'" Minnesota Laborers Health & Welfare Fund v. Scanlan, 360 F.3d 925, 927-28 (8th Cir. 2004) (quoting Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997)).

Under Nebraska law, a corporation generally is viewed as a complete and separate entity from its shareholders and officers, who are not, as a rule, liable for the debts and obligations of the corporation. Baye v. Airlite Plastics Co., 618 N.W.2d 145, 153 (Neb. 2000) (citing Nelson v. Lusterstone Surfacing Co., 605 N.W.2d 136 (Neb. 2000)). "A plaintiff seeking to pierce the corporate veil must allege and prove that the corporation was under the actual control of the shareholder and that the shareholder exercised such control to commit a fraud or other wrong in contravention of the plaintiff's rights." Baye at 153 (citing Wolf v. Walt, 530 N.W.2d 890 (1995)). These are fact questions which are not readily resolved on a motion for summary judgment.

The parties also dispute whether Mr. Liechti is a fiduciary under ERISA. A person is a fiduciary with regard to a benefit plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets. 29 U.S.C. § 1002(21)(A). A question then arises whether unpaid contributions are considered plan assets. ERISA does not define what constitutes a plan asset, although the Department of Labor has issued a regulation defining the sums withheld from an employee's wages by an employer as assets of the plan "as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets." 29 C.F.R. § 2510.3-102(a). That date generally is the 15th of the next month for pension plans and 90 days from the date the amounts would otherwise have been payable to the employee in the case of welfare plans. 29 C.F.R. § 2510.3-102(b) and (c).

That definition deals only with employee contributions to a plan. In the present case, it appears that the contributions at issue were contributions to be paid by the employer. See, e.g., Truck Agreement, Article XVI at 13; Heavy Highway Agreement, Article XVI at 16; Agreement & Declaration of Trust dated April 1, 1962, Article I at Section 9 and Article V; Agreement & Declaration of Trust dated January 1, 1967, Article I at Section 9, Article V, and Article VIII (all of these documents are attached to the plaintiff's second amended complaint (Fil. #49)).

In an extensive examination of the issue of plan assets in a case of first impression in the Tenth Circuit, the court of appeals ruled that the contractual right to unpaid employer plan contributions is an asset under ERISA. Navarre v. Luna (In re Luna), 406 F.3d 1192 (10th Cir. 2005). The appellate court noted that the language of the operative documents governs the definition of "plan assets," but the documents in the Luna case were ambiguous in that regard, leaving the court to construe the ERISA statute and its plain meaning.

The issue in Luna was whether the debtors, who were corporate officers and shareholders of the employer, committed defalcation by fiduciaries in failing to make the required plan contributions, such that the debt should be excepted from discharge.

After addressing the asset question, the circuit court analyzed whether the employer's officers and stockholders were ERISA fiduciaries. It found that an employer cannot become a fiduciary under ERISA merely by breaching its contractual obligations to a fund. Moreover, the officers did not take part in the management or disposition of the plan asset, which was the plan trustees' contractual right to collect the unpaid contributions. The court observed that even if the unpaid contributions themselves, rather than simply the right to collect them, were the plan assets, the evidence still did not demonstrate that the officers exercised control or authority over them. In addition, the court noted, the officers' decision to use the company's limited funds to pay business expenses rather than make plan contributions "was a business decision, not a breach of fiduciary duty." 406 F.3d at 1207. The court refused to expand the ERISA provisions beyond their plain meaning to hold that corporate officers who contract with an ERISA fund automatically become fiduciaries under the Bankruptcy Code.

The Luna case highlights the legal authority governing these matters and the factual issues faced by the parties and the court in this case. Because genuine issues of material fact clearly exist on many of the issues raised in this lawsuit, summary judgment must be denied in all respects.

Separate order will be entered.

DATED:    September 27, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Malcolm Young
    *Kathryn Derr
    T. Randall Wright
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.